897 F.2d 529
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnnie Lee COOK, Plaintiff-Appellant,
v.
Gary MOHR; Don Evener, Defendants-Appellees.
 No. 89-3905.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1990.
 
 1
 Before DAVID R. NELSON and WELLFORD, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge*.
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Johnnie Lee Cook, a pro se Ohio prisoner, appeals the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Seeking compensatory and punitive damages, Cook sued defendants, the Warden (Mohr) and institutional inspector (Evener) of the Ross (Ohio) Correctional Institution. Cook alleges that on July 27, 1988, he was placed in isolation for ten days. He avers that: (1) he was given two sheets; (2) it was hot in the cell; (3) the mattress was on the floor; (4) he did not receive any hygiene materials; and (5) he asked for "kites" (institutional grievance forms) and reading materials, but did not receive them. He also claims that during this period: (1) he was moved to another cell by an officer (Hughes) who handcuffed his wrists too tightly; (2) he was not allowed his bible (Jehovah's Witness), legal papers, underwear, or socks; and (3) that he sent grievances to the defendants with no response. Cook further claims: (1) that he was again placed in isolation from September 1-15, 1988; (2) that the water was shut off; (3) that he had to beg and plead to get the toilet flushed; and (4) that his personal property was destroyed. Moreover, Cook contends that in response to these incidents he has filed grievances and that defendants have engaged in the following retaliatory acts against him: (1) on February 27, 1989, he was threatened and isolated after filing an informal complaint, and that Sergeant Bell threw his grievance in the trash and attempted to strike him; (2) on February 11, 1989, an inmate (Hayes) assaulted him and Officer Dearth looked on and offered no assistance; and (3) on March 3, 1989, he was verbally and physically assaulted by an inmate (Blair) while officers Ross and Mustard watched. Finally, Cook alleged that: (1) his mail is being held for two to three weeks before he receives it; (2) that defendants refuse to investigate his complaints; (3) that defendants are preventing him from using the law library; and (4) that defendants are trying to make him forget his grievances through reprisals and deprivations of his privileges.
 
 
 5
 After a review of the record and pleadings, the district court granted summary judgment for defendants. Cook has filed a timely appeal, raising the same issues which were before the district court. In addition, he has filed a motion for the appointment of counsel.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in its opinion and order. The pleadings, affidavits, and other evidence of record show that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law. Canderm Pharmacal Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988); Berlin v. Michigan Bell Tele. Co., 858 F.2d 1154, 1161 (6th Cir.1988).
 
 
 7
 Accordingly, the motion for the appointment of counsel is hereby denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation